# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DORETHA WILLIAMS-GILMER,**

        **Plaintiff,**

-vs-                                                            **Case No. 6:08-cv-1003-Orl-31KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF JUDGMENT WITH REMAND (Doc. No. 16)** |
| **FILED:** | **January 22, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    The Social Security Administration requests that this case be remanded for further proceedings pursuant to sentence four of 42 U.S.C.§ 405(g) and §1383(c)(3). It requests a remand for the following reasons:

> (1) the ALJ will give further consideration to Plaintiff's maximum residual functional capacity and provide appropriate rationale with specific references to the evidence of record in support of the assessed limitations, in accordance with 20 C.F.R. § 404.1545 and SSR 96- 8p; and (2) the ALJ will obtain testimony from a vocational expert (VE) to clarify the effect of the assessed limitations on Plaintiff's occupational base and the number of jobs available in the national economy. The

> hypotheticals posed to the VE should include all of Plaintiff's documented exertional and nonexertional limitations.

If necessary, additional evidence may be sought to make such a determination. The plaintiff does not object to remanding the case for further proceedings.

Because additional findings are needed to make a final determination on the medical evidence, good cause has been shown to remand this case to the Social Security Administration for further proceedings. Accordingly, I recommend that the Court **REVERSE** the Commissioner's decision, **REMAND** the case to the Social Security Administration for proceedings consistent with its undertaking in the motion, and direct the Clerk of Court to enter a judgment reflecting such a ruling. The Court should direct the Clerk of Court to close the file after entry of judgment.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 23, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE